# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Travis Clay Andersen, | Case No. 22-cv-3137 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Carver County Sheriff's Office et al., | |
| Defendants. | |

This matter is before the Court on Defendants Carvery County Sheriff's Office and Laura Zimmerman's ("Defendants") Letter to the Magistrate Judge ("Letter") (ECF No. 8) regarding the Court's December 30, 2022 Order, which requires the parties to meet and confer in person or by videoconference by January 19, 2023 and file a joint Rule 26(f) report by January 26, 2023 (ECF No. 5). Defendants indicate that Plaintiff was recently transferred to MCF-Oak Park Heights, has an April 18, 2023 sentencing hearing in two felony matters, and is awaiting trial in four other criminal matters. (*See* ECF No. 8.) Defendants argue that due to Plaintiff's incarceration, meeting and conferring with him in person or by telephone "may not be possible. If possible, it will be difficult and time consuming to arrange." (*Id.*) They ask the Court to amend its December 30, 2022 Order to excuse them from compliance with the meet and confer requirement. (*Id.*) Alternatively, Defendants ask the Court to allow the parties to meet and confer by mail and to extend the Rule 26(f) meeting report deadline to facilitate meeting and conferring by mail. (*Id.*)

The Court construes the Letter as a motion to amend the Court's Order (ECF No. 5). While the Court recognizes it may be more difficult and time-consuming for Defendants to meet and confer with Plaintiff than a typical non-incarcerated party, that in itself does not obviate the

1

essential need for the parties to meet and confer directly with each other—not only at the Rule 26(f) conference, but throughout the course of the litigation. Moreover, the Letter suggests Defendants have not actually even attempted to meet and confer with Plaintiff, but only speculate that doing so may be impossible or difficult simply because he is incarcerated. The Court has many cases involving litigants who are incarcerated and observes that except in rare circumstances—none of which Defendants have identified here—opposing counsel almost always manages to find a way to comply with the Court's meet and confer requirements.

The Court recognizes Plaintiff's circumstances make this task more cumbersome, however. The Court thus finds good cause under Fed. R. Civ. P. 6(b) to extend the meet and confer deadline to February 20, 2023, to extend the deadline for filing the Rule 26(f) report to February 27, 2023, and to permit compliance with the meet and confer requirement by telephone. Defendants' motion is otherwise denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendants' Carvery County Sheriff's Office and Laura Zimmerman's motion to amend (ECF No. [8]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The parties are directed to Meet and Confer by February 20, 2023. The parties' joint Rule 26(f) Meeting Report and Confidential Letters are due by February 27, 2023; and

2. The parties must meet and confer by video, in person or by telephone.

All other deadlines established under the Court's orders remain in full force and effect.

Dated: January 17, 2023	*s/ Dulce J. Foster*
	Dulce J. Foster
	United States Magistrate Judge