UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Travis Clay Andersen, | Case No. 22-cv-3137 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO APPOINT COUNSEL** |
| Carver County Sheriff's Office et al., | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Travis Clay Andersen's Motion to Appoint Counsel ("Motion to Appoint") (ECF No. 7). Plaintiff is pro se and raises several arguments as to why the Court should appoint counsel in this matter: (1) to aid in the discovery process and the production of information; (2) to aid in the examination of witnesses at any future trial; and (3) because Plaintiff's case is complex, his lack of education renders him unable to adequately pursue his claims without the assistance of counsel. (*Id.*) Plaintiff states he has sought the assistance of counsel but has not been able to retain an attorney. (*Id.*)

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Plaintiff's strong desire for appointment of counsel. Nonetheless, the Court cannot conclude that litigating this action will be factually or legally complex, or that Plaintiff lacks the ability to investigate the facts or present his arguments to the Court. Plaintiff's lack of understanding of the legal system and his lack of access to assistance are not, alone, sufficient to warrant appointment of counsel since these facts do not distinguish his case from the myriad other claims brought by pro se litigants. Moreover, while conflicting testimony may emerge later on, this factor does not currently outweigh the others. The Court therefore declines to appoint counsel at this time.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Appoint Counsel (ECF No. [7]) is **DENIED**.

Dated: January 17, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge