UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Travis Clay Andersen, | Case No. 22-cv-3137 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND CONSOLIDATION** |
| Carver County Sheriff's Office et al., | |
| Defendants. | |

| | |
|---|---|
| Travis Clay Andersen, | Case No. 22-cv-3138 (KMM/DJF) |
| Plaintiff, | |
| v. | |
| Ben Beyer, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint ("Motion to Amend") (ECF No. 11). The extent of the relief Plaintiff seeks is unclear and he does not attach a copy of the Amended Complaint he seeks to file, but he focuses primarily on consolidating this action with another action filed at the same time, specifically, *Andersen v. Beyer*, 22-cv-3138-KMM-DJF (D. Minn) ("*Beyer*"). (*See id.*) It is unclear whether Plaintiff seeks to amend his complaint in any other way. Defendants opposed Plaintiff's Motion to Amend, arguing the Court should deny Plaintiff leave to amend on grounds that he failed to attach a proposed amended complaint and did not clearly identify any claims or parties he intended to add. (ECF No. 13.)

1

The Court liberally construes Plaintiff's Motion to Amend as both a request for leave to amend the pleadings and a request to consolidate this action with *Beyer*. Because Defendants' opposition memorandum did not discuss consolidation, the Court ordered them to file a supplemental response addressing their position on that request. (ECF No. 14.) In their supplemental response, Defendants indicated they support consolidation, but stated that Plaintiff told them during the parties' Rule 26(f) conference he no longer supports consolidation. (ECF No. 16.) Plaintiff has not withdrawn his Motion to Amend or notified the Court that he no longer seeks consolidation.

For the reasons given below, the Court denies Plaintiff leave to amend his complaint without prejudice and consolidates this action with *Andersen v. Beyer*, 22-cv-3138-KMM-DJF, for pretrial purposes only.

I.  **Plaintiff's Request for Leave to Amend**

Except when amendment is permitted as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this is a liberal standard, it does not give parties an absolute right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A decision whether to allow a party to amend [the] complaint is left to the sound discretion of the district court." *Popaolii v. Correctional Medical Svcs.*, 512 F.3d 488, 497 (8th Cir. 2008).

In this District, parties seeking to amend their pleadings must comply with Local Rule 15.1. The requirements established under this Local Rule are as follows:

1. A copy of the proposed amended pleading must accompany the motion to amend.

2

2. The proposed amended pleading must be complete and must not refer to incorporate any prior pleading. In other words, a plaintiff who seeks to amend his complaint cannot simply supplement the original complaint by filing or referring to a pleading that includes only the new parties or claims he seeks to add, but rather, he must file a proposed amended complaint that includes all of his claims—both old and new—as though it were his only pleading in the case.

3. In addition to the proposed amended pleading, the motion must also be accompanied by "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading."

Plaintiff's Motion to Amend does not describe with any specificity what claims or parties he wants to add to this action or why justice requires the Court to grant leave to amend. Plaintiff also failed to comply with Local Rule 15.1(b), in that he did not file either a copy of his proposed amended pleading or a redlined version of his proposed amended pleading showing how it differs from his original complaint. The Court accordingly denies Plaintiff's request for leave to amend without prejudice. To the extent Plaintiff seeks to amend his Complaint, except to consolidate it with *Beyer* as discussed below, he must comply with LR 15.1 and must also explain why the Court should grant leave to allow the requested amendments to his Complaint.

    **II.    Plaintiff's Request to Consolidate**

Under Federal Rule of Civil Procedure 42(a), "[a]ll claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay[.]" *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). "Consolidation of issues and claims is committed to the discretion of the trial court." *Id.* (citing Fed. R. Civ. P. 42(a)). Courts have authority to consolidate

cases for pretrial purposes only. *See Moore v. C.H. Robinson Worldwide, Inc.*, 20-cv-252-PJS-HB, 2020 WL 433058, at *1–2 (D. Minn. July 28, 2020) (consolidating cases for pretrial purposes).

Defendants argue this action should be consolidated with *Andersen v. Beyer*, 22-cv-3138-KMM-DJF, because both matters involve Plaintiff's treatment at the Carver County Jail in March 2022 and allege that the County, through its staff, violated Plaintiff's Eighth Amendment rights (ECF No. 16 at 1–2). The actions involve many of the same witnesses, many of the same documents, and the same repository of records. (*Id.* at 2.) Defendants assert that consolidating the matters would allow for a more efficient discovery process. (*Id.*) Although Plaintiff told Defendants at the Rule 26(f) conference that he no longer wishes to consolidate these actions (*see id.*), he has not withdrawn his Motion for Leave or notified the Court of his change in position.

Since the Court believes consolidating these actions will create a more efficient discovery process and more orderly case management, it will grant Plaintiff's Motion for Leave in part by consolidating this action with *Beyer*. But since Plaintiff now appears to object to consolidation, the Court will consolidate these cases for pretrial purposes only. In other words, the complaint in *Beyer* will remain the operative pleading in that case, *Andersen v. Beyer*, 22-cv-3138-KMM-DJF (D. Minn) (ECF No. 1-1), and the Complaint in this case will remain unchanged. But the pretrial schedule and any order, motion or other document filed in this case for pretrial purposes will also apply in *Beyer*. The Court will address later, if necessary, the extent to which the cases may be consolidated for trial.

All future pretrial filings in these actions shall have a caption stating both the caption and case number of *Andersen v. Carver County Sheriff's Office et al.*, 22-cv-3137-KMM-DJF (appearing first), and *Andersen v. Beyer*, 22-cv-3138-KMM-DJF (appearing next), and shall be filed only in *Andersen v. Carver County Sheriff's Office et al.*, 22-cv-3137-KMM-DJF.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. [11]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's request for leave to amend his Complaint is **DENIED WITHOUT PREJUDICE**; and

2. Plaintiff's request to consolidate *Andersen v. Carver County Sheriff's Office et al.*, 22-cv-3137-KMM-DJF, and *Andersen v. Beyer*, 22-cv-3138-KMM-DJF (together, the "Cases"), is **GRANTED IN PART** as follows:

    a. The Cases are hereby consolidated for all pretrial purposes, including: pretrial conferences and orders; scheduling and scheduling orders; pleading amendments; party joinders; meeting and conferring; discovery and discovery disputes; pretrial sanctions; all non-dispositive motions; and all other pre-trial matters, except as otherwise ordered by the Court;

    b. So long as the defendants are represented by one or more common counsel, all discovery answers, responses, documents and deposition testimony in the Cases may be used, as relevant and as otherwise provided by the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure, by the parties in either of the Cases for any purpose. Notwithstanding the provisions of this paragraph, such use is fully subject to other *in limine* or trial restrictions or determinations made *de novo* by the Court;

    c. So long as the defendants in the Cases are represented by one or more common counsel, pretrial dispositive motions shall be filed and rulings on such motions

5

  shall be, to the extent applicable, the law of the case and binding on the parties in both Cases. Notwithstanding the provisions of this paragraph, such determinations are fully subject to other *in limine* or trial restrictions or determinations made *de novo* by the Court;

d. This Consolidation Order does not consolidate the Cases for purposes of trial, for *in limine* pretrial proceedings, or for trial rulings;

e. The Cases are not hereby merged into one case, and except as provided here or by further order of the Court, each of the Cases retains its individual case identity, with the parties in each of the Cases retaining all such parties' separate rights, including settlement positions, class issues, client privileges, procedural and substantive rights in the prosecution or defense of the claims in each of the Cases, and in each of the Cases all their separate trial, post-trial and appellate related rights provided by law, and by applicable Rules of Civil Procedure, Appellate Procedure, or Evidence, other court rules and related law; and

f. Unless ordered otherwise, all motions, submissions and other documents to be filed with the Court shall have a caption stating both the caption and case number of *Andersen v. Carver County Sheriff's Office et al.*, 22-cv-3137-KMM-DJF (appearing first), and *Andersen v. Beyer*, 22-cv-3138-KMM-DJF (appearing next), **and shall be filed only in *Andersen v. Carver County Sheriff's Office et al.*, 22-cv-3137-KMM-DJF**.

Dated: February 24, 2023       *s/ Dulce J. Foster*
                   Dulce J. Foster
                   United States Magistrate Judge