UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Travis Clay Andersen, | No. 22-cv-3137 (KMM/DJF) |
| Plaintiff, | |
| v. | |
| Carver County Sheriff's Office, and Laura Lynn Zimmerman, | |
| Defendants. | |

| | |
|---|---|
| Travis Clay Andersen, | No. 22-cv-3138 (KMM/DJF) |
| Plaintiff, | |
| v. | |
| Ben Beyer, | |
| Defendant. | |

**ORDER**

Travis Clay Andersen began these partially consolidated cases on December 15, 2022, in the District Court for Carver County, Minnesota. According to the records in the state court proceedings, Mr. Andersen filed an affidavit in each case in support of his request to proceed in forma pauperis ("IFP"). [Dkt. 29-1 at 2–3 (Index #6 for Case No. 10-CV-22-1104); Dkt. 29-1 at 6 (Index #6 for Case No. 10-CV-22-1103).] In each of those cases, a Carver County District Judge signed an Order granting Mr. Andersen's application to proceed IFP pursuant to Minn. Stat. § 563.01. The Orders provided that "[a]ll necessary

pleadings in this proceeding shall be served by the Sheriff of the appropriate county as requested without payment of any fees or costs." [*E.g.*, Dkt. 1-2.] However, Mr. Andersen, who is not a lawyer and has been representing himself throughout these proceedings, apparently asked his parents to act as his process servers. [*See* Dkt. 30 ¶ 3; Dkt. 31 ¶ 3.] Mr. Andersen's parents brought the summons and complaint into the Carver County Jail lobby and gave them to Commander Reed Ashpole, who then provided those documents to Defendants Laura Zimmerman and Ben Beyer. Mr. Andersen did not have anyone serve a copy of the summons and complaint on the Carver County Board Chair or the Carver County Auditor. [Dkt. 32; Dkt. 33.]

Defendants removed both cases on December 21, 2022. They filed Answers on December 28th, asserting among other defenses that the Complaints must be dismissed for insufficient service of process. [Dkt. 4 at 6.] Defendants again raised the issue of insufficient service of process in the parties' Rule 26(f) Report dated February 27, 2023, though Mr. Andersen maintained that service was proper and complied with Minnesota law. [Dkt. 19 at 2, 3.] United States Magistrate Judge Dulce J. Foster issued a Pretrial Scheduling Order on March 6, 2023.

On March 20, 2023, Mr. Andersen wrote to the Clerk of Court requesting a form application to proceed IFP in federal court and for an application for the U.S. Marshals to serve the Complaints on the Defendants. [Dkt. 21.] In response, the Clerk provided Mr. Andersen a copy of a § 1983 form complaint and an IFP application form, but advised him that "the Defendants have already responded with the [4] Answer to Complaint and therefore marshal service is not necessary." [Dkt. 22.] On May 15, 2023, the Clerk of Court

2

docketed Mr. Andersen's completed IFP application, and two days later, Judge Foster granted him IFP status. [Dkt. 24; Dkt. 25.] Judge Foster found that Mr. Andersen plainly qualifies financially for IFP status. In addition, Judge Foster noted that Mr. Andersen would not owe a filing fee for these cases because Defendants paid the cost of removal and that "service of process has already been effected." [Dkt. 25 at 1.] Accordingly, the Order granting Mr. Andersen IFP status did not include any provision for service of the Summons and Complaint in either case by the U.S. Marshal.

On May 22, 2023, Defendants filed a motion to dismiss both cases for insufficient service of process.[1] [Dkt. 26.] Defendants argue that Minnesota law controls whether service was sufficient, and under Minn. R. Civ. P. 4.03(a), individuals may be served "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with someone of suitable age and discretion residing therein." Further, they argue that for Carver County to properly be served under Minn. R. Civ. P. 4.03(e)(1), the summons and complaint would need to be delivered "[t]o the chair of the county board or to the county auditor of a defendant county." Because neither of those things have occurred, Defendants argue that they were not properly served, the Court may not exercise jurisdiction over them, and both cases should be dismissed. [Dkt. 28 at 4–6.]

Based on the Court's review of record in these matters, it appears that Defendants are correct that they have not received sufficient service of process at this time. However, as the discussion above should make clear, dismissal of these cases pursuant to Fed. R.

---

[1] Mr. Andersen has not responded to the motion to dismiss, but the Court finds that awaiting a response is unnecessary.

3

Civ. P. 12(b)(5) would not be appropriate under the circumstances. *Brown v. Dep't of Health & Hum. Servs.*, No. 8:16CV377, 2017 WL 1533386, at *2 (D. Neb. Apr. 26, 2017) ("Although a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties.") (quoting *Mendoza v. Osterberg*, No. 8:13CV6, 2014 WL 3784122, at *3 (D. Neb. July 31, 2014)). On two separate occasions, Mr. Andersen has satisfied a judicial officer that he qualifies to proceed IFP in this litigation. If the litigation had stayed in state court, Mr. Andersen would have been entitled to rely on the sheriff of the appropriate county to achieve service of the pleadings, or for the payment of reasonable expenses of a private process server if the sheriff were unavailable. Minn. Stat. § 563.01, subd. 4. Had Mr. Andersen instead commenced these cases in federal court, he would have been entitled to have the U.S. Marshals Service complete service of process on the Defendants. 28 U.S.C. § 1915(d). Mr. Andersen is a *pro se* litigant who is in custody and is untrained in the law. No doubt thinking that it would simply be easiest to do so, he asked his parents to serve the pleadings for him. But there is no indication in the record that that his parents are lawyers or professional process servers or otherwise have any experience with serving legal pleadings. And on two separate occasions since these cases were removed to federal court, Mr. Andersen has received official communications telling him that the pleadings were served. [Dkt. 21, 25.] Thus, he may have been led to believe that service of process was no longer an issue.

This progression of events demonstrates that although the Defendants have not been properly served, dismissing Mr. Andersen's cases for insufficient service of process achieves nothing other than delay. Mr. Andersen could simply refile his cases in federal court, apply for IFP, and obtain authorization for marshal service. That makes little sense here, when Mr. Andersen has already been granted IFP status in these very cases, and there is quite obviously good cause for Mr. Andersen's failure to serve the pleadings within 90 days after they were filed. *See* Fed. R. Civ. P. 4(m) (providing that the court must extend the time for service for an appropriate period if there is good cause for failing to serve within 90 days).

Accordingly, the Court declines to dismiss the Complaints pursuant to Fed. R. Civ. P. 12(b)(5) and extends the time for service for an additional 90 days from the date of this Order. Moreover, because Mr. Andersen has been granted IFP status in these cases, he is entitled to have service of process completed by the U.S. Marshal. For these reasons, the Court enters the following Order. However, given that Mr. Andersen failed to respond to the motion to dismiss, he is advised that if he does not pursue this litigation diligently or fails to comply with Court imposed deadlines or the requirements imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Minnesota, his case may be subject to dismissal for failure to prosecute.

The foregoing should make clear to all parties that the Court is going to give Mr. Andersen a fair shot at getting his pleadings served the same way any ordinary litigant who has been granted IFP status would. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) ("Because Mr. Wright was proceeding IFP, he was entitled to rely on

5

service by the USMS."). In light of that reality, the Court encourages the Defendants, who clearly have actual notice of the litigation, to consider simply authorizing their counsel to accept service of process on their behalf, thereby eliminating any burden on the U.S. Marshal Service and allowing the parties to get on with having these cases decided on their merits.

Finally, by separate letter, the Court is referring Mr. Andersen to the Federal Bar Association's *Pro Se* Project so that he may have an opportunity to consult with a volunteer lawyer. As the letter explains, such referral is no guarantee that any volunteer lawyer will agree to represent Mr. Andersen, and it is Mr. Andersen's obligation to reach out to the coordinator of the *Pro Se* Project if he would like to make use of that program's services. The litigation is not on hold while that process plays out, and Mr. Andersen remains responsible for prosecuting his claims.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss [Dkt. 26], is **DENIED**.
2. The Court directs the U.S. Marshals Service to effect service of process on Defendant Carver County consistent with Rule 4(j) of the Federal Rules of Civil Procedure.
3. Mr. Andersen must submit a properly completed Marshal Service Form (Form USM-285) for Defendants Laura Lynn Zimmerman and Ben Beyer. If Mr. Andersen does not complete and return the Marshal Service Form within 30 days of this Order, this matter may be subject to dismissal for failure to

prosecute. Two copies of the Marshal Service Form will be provided to Mr. Andersen by the Court.

4. After return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants Zimmerman and Beyer in their individual capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

5. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

Dated: June 16, 2023               *s/Katherine Menendez*_____
                                   Katherine M. Menendez
                                   United States District Judge