UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Travis Clay Andersen, | No. 22-cv-3137 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Carver County Sheriffs Office, Laura Lynn Zimmerman, Ben Beyer, Adam Minette, Zack Beebe, Colleen Freiberg, Alex Sterns, Shane Dobbs, Reed Ashpole, Jason Kamerud, Kimberly Grob, and Tosha Bell, | |
| Defendants. | |

This matter is before the Court on the July 22, 2024 Report and Recommendation ("R&R"), ECF 144, of United States Magistrate Judge Douglas L. Micko. Judge Micko recommends that the Court grant in part and deny in part the Carver County Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF 103, and deny Plaintiff Travis Clay Andersen's Motion in Opposition to Defendants' Motion to Dismiss, ECF 116. Specifically, Judge Micko recommends that all Defendants and all claims in Mr. Andersen's Amended Complaint, ECF 94, be dismissed with prejudice except (1) Plaintiff's claim that Defendant Adam Minette acted unreasonably by using excessive force that resulted in Plaintiff's broken toe; (2) Plaintiff's claim that Defendant Ben Beyer acted unreasonably by pressuring medical staff about the treatment of Plaintiff's broken toe which impacted whether the bone would heal properly; and (3) all of Plaintiff's claims

against Defendants Tosha Bell and Kimberly Grob because Defendants did not move for dismissal of those claims. R&R 27.

The deadline for either side to file objections to the R&R was August 5, 2024. Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1). As of the date of this Order, no objections have been filed. Where no objections to an R&R have been filed, the Court reviews the decision for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Based on the Court's review of the R&R and the record in this matter, the Court finds no error, but the Court will modify the R&R in one respect. Judge Micko correctly concludes that Plaintiff's claims for declaratory and injunctive relief have been rendered moot. Accordingly, this Order clarifies that those claims will be dismissed *without* prejudice for lack of subject matter jurisdiction. *See Dalton v. NPC Int'l, Inc.*, 932 F.3d 693 (8th Cir. 2019) (stating that "[a] district courts is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent").

Accordingly, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation, ECF 144, is **ACCEPTED** as modified.

2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF 103, is **GRANTED IN PART** and **DENIED IN PART**.

3. Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss, ECF 116, is **DENIED**.

4. Plaintiff's claims for declaratory and injunctive relief are **DISMISSED WITHOUT PREJUDICE**.

5. All remaining Defendants and claims in Plaintiff's Amended Complaint, ECF 94, are **DISMISSED WITH PREJUDICE** except:

a. Defendant Adam Minette as to Plaintiff's allegations that Defendant Minette acted unreasonably by using excessive force that resulted in Plaintiff's broken toe;

b. Defendant Ben Beyer as to Plaintiff's allegations that Defendant Beyer acted unreasonably by pressuring medical staff about the treatment of Plaintiff's broken toe which impacted whether the bone would heal properly; and

c. Defendants Tosha Bell and Kimberly Grob as to all claims against them, as these were not subject to Defendants' motion to dismiss.

Date: August 28, 2024                     *s/Katherine Menendez*
                                                              Katherine Menendez
                                                              United States District Judge